FILED
SUPERIOR COURT
OF GUAM

2023 OCT 26 PM 2: 29

CLERK OF COURT


BY: _____

## IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>TOMMY LEE QUINTANILLA,<br>DOB: 5/26/1966<br><br>Defendant. | Case No. CF0717-12<br><br>**DECISION AND ORDER GRANTING REVOCATION OF PROBATION** |

## INTRODUCTION

This matter came before the Honorable John C. Terlaje on March 27, 2023 for a Revocation Hearing in the above-captioned case related to Tommy Lee Quintanilla's ("Defendant's") failure to abide by his probationary terms. Public Defender Stephen Hattori appeared for Defendant. Assistant Attorney Yusuke Haffeman-Udagawa appeared for the People of Guam ("People'). Based on the relevant law and authorities the Court now issues the following decision and order **GRANTING** Revocation of Probation.

## BACKGROUND

On February 5, 2016, "the Defendant was terminated from Adult Drug Court II by the Honorable Vernon P. Perez, Judge, Superior Court of Guam, and placed on a five (5) year probationary period which expired on February 4, 2023, but is tolling due to a warrant of arrest." Inf. Rpt. ¶ 1 (March 30, 2023). Only a few months later, on August 19, 2016, a 1st Violation

report was filed against Defendant after he failed to report for a drug test; failed to report to the Probation Office; failed to pay fine balance of $5,040.00; failed to perform community service; and failed to attend narcotic anonymous (NA) meetings. *Id*. A 2nd Violation report was filed on April 12, 2018 for failure to refrain from consuming an illegal controlled substance and the Defendant tested positive for methamphetamines. *Id*. A 3rd Violation Report was filed on September 7, 2018, for failed to report to the probation office; failing to make payments to a fine balance, failing to perform community service, and failing to attend sober support meetings. *Id*. On October 17, 2018. A 4th Violation report was filed for similar failures and a bench warrant was issued, resulting in the Defendant's arrest on July 31, 2022. He has since been confined in CF0717-12. *Id*. On August 2, 2022, a 5th Violation report was filed against the Defendant for failing to obey the laws of Guam. *Id*. ¶ 2.

A magistrate complaint was filed against the Defendant on the same day for various charged, including Driving While Impaired, Eluding a Police Officer, and Resisting Arrest in CM0265-22. Mag. Comp. CM0265-22. (August 2, 2022). The Court held a Revocation Hearing on March 23, 2023, upon the People's Motion to Revoke Defendant's Probation. The Court then took the matter under advisement. *See* Minute Entry (March 23, 2023).

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all circumstances then existing will best satisfy the ends of justice and the best interests of the public.

9 G.C.A. § 80.66(a)(2) (1980).

The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted). To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been required by the conditions of probation." *Id.* at ¶ 30 (citing *People v.* Angoco, 1998 Guam 10).

The Court also cannot order revocation unless the offender is provided with written notice of grounds for revocation of probation. 9 G.C.A. § 80.68(a) (1980). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id.* Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 G.C.A. § 80.66(b).

It remains undisputed that Defendant was in violation of his probation conditions and that there was probable cause to support the violations. The Defendant has continually violated his probation by failing to report to the Probation Office, failing to pay off court finds, failing to complete community service, failure to refrain from consuming illegal substances, and failing to attend sober support meetings.

Having found that Defendant was in violation of his probation requirements, the next question the Court must resolve is whether, "revocation under all the circumstances… will best satisfy the ends of justice and the best interests of the public." 9 G.C.A. 80.66(a)(2).

Based on a review of the record, it is clear that Defendant has exhausted the trust of the Court by continuously violating numerous conditions of his probation. Defendant accumulated five Violation Reports, showing a continuous and ongoing disregard towards following his probationary terms.

Were probation continued, it appears unlikely that any significant progress would be made in positively altering Defendant's behavior and ensuring compliance with the Court's orders. Therefore, the court finds that revocation is in the public's best interest and satisfies the ends of justice. 9 G.C.A. 80.66(a)(2).

## CONCLUSION AND ORDER

For the above reasons, the Court hereby **REVOKES** the Defendant, Tommy Lee Quintanilla's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to five (5) years incarceration at the Department of Corrections, Mangilao with credit for time served. After the completion of the Defendant's sentence the Court shall close this case.

SO ORDERED, this 26 th day of October 2023.

_____
HONORABLE JOHN C. TERLAJE
Judge, Superior Court of Guam

Decision and Order
Case No. CF717-12, *People v. Tommy Lee Quintanilla*
Page 4 of 4